ALBANY.
August, 1818.

PLATTEKILL
v.
NEW-PALTZ.

The Overseers of the Poor of the Town of PLATTEKILL, *against* the Overseers of the Poor of the Town of NEW-PALTZ.

IN ERROR, on *certiorari* to the court of general sessions of the peace of the county of *Ulster*.

An order was made by two justices of the county of *Ulster*, for the removal of *Charles Dempsey*, otherwise called *Thomas Shirkey*, and *Elizabeth* his wife, from the town of *Plattekill*, to the town of *New-Paltz*, from which order the overseers of the poor of *New-Paltz* appealed to the sessions of *Ulster* county, and the appeal was heard at the *September* term, 1816, of the court below.

At the hearing, the overseers of *New-Paltz*, the appellants, offered as a witness *William Gerrow*, one of the overseers of the poor of *Plattekill*, to whom it was objected, that he was a party, and could not be compelled to testify, and had not consented to be a witness; but the court over-ruled the objection, and compelled *Gerrow* to testify; but it is unnecessary to set forth his evidence. It was proved that the pauper had, in 1788 and 1789, paid taxes in the town of *New-Paltz*, and only once, if at all, in *Plattekill*, though he had resided there more than twenty years, and had received relief from the overseers of that town, but without any order of justices for that purpose. The pauper testified, that he had worked on land in *Plattekill* on shares, the owner's share being one third of the crop; that one year he had an extraordinary crop, and the owner's share amounted to more than thirty dollars worth, and would have amounted to more than thirty dollars for two years, if he had taken or exacted the whole of it, which, however, he did not, excepting in one year. Another witness testified that the owner's proportion of the crop was always very trifling; that the witness would not have given more than twenty dollars in any one year for it,

On an appeal from an order of removal, the court of sessions ought not to compel one of the overseers of the poor, who is a party to the appeal, to testify; but this is, notwithstanding, not a ground for reversing their order, as the proceedings were not before a jury, and this court will reject the evidence improperly given.

Where a person occupied and cultivated land on shares, and in one year delivered to the owner, as his proportion of the crop, produce to the value of more than thirty dollars, but every other year, the share received by the owner was less than thirty dollars, it was held that this was not such a renting and occupation of a tenement of the yearly value of thirty dollars, for two years, and actual payment of rent, as to gain the occupant a settlement in the town in which the land was situated, under

and that the land occupied by the pauper would not rent for more than twenty dollars; that the tract on which the pauper worked, consisted of more than 100 acres, of which the owner designated, every spring, the parts that he should cultivate.

The court below quashed the order of removal, with costs, to be paid by the overseers of *Plattekill.*

*C. Ruggles,* for the plaintiffs in error. The order of the justices was, *prima facie,* evidence of a settlement in *New-Paltz;* and it was incumbent on the appellants to show a settlement in *Plattekill.* They attempted to show that the pauper had rented a tenement of the yearly value of 30 dollars, for two years, and actually paid rent and taxes in *Plattekill;* but he was not such a tenant as the act contemplates. Letting land, upon shares, for a single crop, does not amount to a lease. (*Bradish* v. *Schenck,* 8 *Johns. Rep.* 151.) There should not only be a lease for two years, but an actual payment of rent. (*Fort Ann* v. *Kingsbury,* 14 *Johns. Rep.* 365.)

Again; *Gerrow* was an incompetent witness, on (1 *N. R. L.* 285. 36 sess. ch. 78. s. 20.) the ground of interest. (*Phillips Ev.* 57, 3 *East,* 7.) He cannot be compelled to testify. (*Title* v. *Grevett,* Ld. *Raym.* 1008.) The plaintiffs in error were entitled to have the cause heard and considered by the court of sessions, without the admission of any improper evidence whatever.

*Sudam,* contra. *Gerrow* was bound to testify. His interest was too remote and contingent to render him incompetent. (*Falls* v. *Belknap,* 1 *Johns. Rep.* 486.) The witness proved, that the pauper had been supported by *P.* in 1813 and 1814, as an inhabitant of that town, where he had resided above 20 years. If it had been the case of a casual pauper, then under the 16th section of the act, a distinct account of his maintenance should have been kept, and *notice* given to the overseers of *N.* or the place to which he belonged. Not having conformed to the directions of the statute in that respect, the overseers of *P.* are concluded by their own acts; and having maintained and

treated the pauper as an inhabitant of *P.* they are estopped to allege that he was not settled there. (14 *Johns. Rep.* 367.) It is to be presumed, that every thing was done by them legally ; they cannot set up their own negligence or illegal conduct, to avoid responsibility. It is, moreover, made the duty of the overseers of the poor, to keep a book, in which is inserted the names of all persons applying for relief, the sums allowed, &c. (28th sect.) They ought to be held to a strict performance of their duty, and after a lapse of three years, they ought not to be permitted to set up, that they have wholly neglected to obey the directions of the act, in order to charge the pauper on another town.

Again ; it was not necessary to show an actual letting or leasing for more than one year ; it is enough that rent to above the value of thirty dollars has been paid any one year. The question is as to the ability of the person ; and it is the sum to be paid, and not the actual payment, which is to be considered. (*Burr. Sett. Cas.* 235. 248.)

*Ruggles*, in reply. The testimony of the pauper himself is confused, and entitled to little or no weight. His evidence does not establish the fact of the annual rent being thirty dollars. Our statute requires the actual payment of rent, and so the court decided in the case of *Fort Ann* v. *Kingsbury.*

The order for relief, given in 1813, ought not to conclude the overseers of *P.* The necessity of the case may demand immediate relief, and there need be no adjudication. There can be no appeal from such an order ; it is a mere voucher. In the case of the *Overseers of Dover* v. *Howard,* (12 *Johns. Rep.* 195.) it was held, that an order of *filiation* and maintenance, was not conclusive that the child was a pauper of *D.* (*Bott's Poor Laws,* 405. *Rex* v. *North Shields.*) But, in fact, there was no *written* order whatever. The relief was given informally and irregularly ; and under the circumstances, their accounts were allowed.

*Per Curiam.* One exception to the proceedings of the sessions is, that they compelled one of the overseers of *Plattekill,* a party on the record, to become a witness, in

ALBANY,
August, 1813,

PLATTEKILL
v.
NEW-PALTZ.

order to prove that the pauper had gained a settlement in *Plattekill.*

On this point, it is clear that the sessions erred; but, as there has been no intervention of a jury, and the judges of the facts, and of the law, were the same persons, the only effect of that exception must be to discard the testimony of that witness.

The second exception is, that the sessions decided wrong upon the evidence before them, as to the pauper.

The evidence is clear and uncontroverted, that the pauper, *Thomas Shirkey,* was assessed, and actually paid taxes, to the town collector of *New-Paltz,* in the years 1808 and 1809 : and as against *Plattekill,* (independent of the illegal testimony,) it was proved that *Shirkey* had resided flchiey in *Plattekill* for the last twenty years: that he had received occasional support from the overseers of that town, but without any formal order for that purpose ; and that he had one year worked land on shares, and delivered a part of the produce to the owner, worth more than thirty dollars ; and that he continued afterwards to crop the land on shares for several years, but never actually delivered to the owner so much as thirty dollars worth of produce for any one year, except the first. It is very doubtful, whether the evidence proves a *tenancy* at all by the pauper ; but, even if that were so, the law requires that he should have " actually and *bona fide* rented and occupied a tenement of the yearly value of thirty dollars, or upwards, for *two years,* and actually paid such rent," &c. According to this test, the paupers had no legal settlement in *Plattekill,* and were rightfully removed to *New-Paltz,* where they had acquired a legal settlement by having " been charged with, and actually paid, public taxes for two years."

The order of the general sessions of *Ulster* county must, therefore, be reversed